09-4304-ag
Niazov v. Holder

BIA
Lamb, IJ
A097 227 588
A097 227 590
A096 497 100

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of September, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       GUIDO CALABRESI,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

MICHAEL NIAZOV, OLGA NIAZOV, YOSEF NIAZOV,
          *Petitioners,*

          v.                                    09-4304-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Assistant Director;

**Catherine B. Bye**, **Trial Attorney,**
**Office of Immigration Litigation,**
**Civil Division, United States**
**Department of Justice, Washington,**
**D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Michael and Yosef Niazov, natives of Uzbekistan and citizens of Israel, and Olga Niazov, a native of Kazakhstan and citizen of Israel, seek review of a September 16, 2009, order of the BIA affirming the January 14, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Michael Niazov, Olga Niazov, Yosef Niazov*, Nos. A097 227 588, A097 227 590, A096 497 100 (B.I.A. Sept. 16, 2009), *aff'g* Nos. A097 227 588, A097 227 590, A096 497 100 (Immig. Ct. N.Y.C. Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong*

2

*Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Petitioners argue that the agency erred in finding that they did not establish past persecution because it failed to consider the aggregate effect of the harassment and discrimination they experienced in Israel. In *Manzur*, we held that the agency errs when it considers a petitioner's alleged harm as "isolated incidents" and disposes of them "without determining how they affected the significance of the other incidents." *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *see also Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005). Here, the BIA collectively addressed the "harassment and possible employment discrimination" described by the lead petitioner and found that it was insufficiently severe to constitute persecution. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional."); *see also Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004). The IJ similarly considered

3

the harm petitioners suffered in the aggregate, stating that "what happened to [them] in Israel" did not constitute persecution. *Manzur*, 494 F.3d at 290. Specifically, the lead petitioner failed to show that the inferior jobs and military positions he received were a result of ethnic discrimination and not due to a lack of qualifications on account of his limited knowledge of Hebrew and his high-school education. Furthermore, the alleged employment discrimination the lead petitioner described does not compel the finder of fact to conclude that he was persecuted. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (applicant must show at least a "deliberate imposition of a substantial economic disadvantage"). The lead petitioner also did not allege any sufficiently significant physical harm. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) Although the lead petitioner alleged that he was called a "goy" and told to go home by one police officer, persecution involves harm that rises above such "mere harassment." *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Therefore, because it properly considered the harm the petitioners suffered both as isolated experiences and in the

4

aggregate, the agency did not err in concluding that they failed to establish past persecution. *See Manzur*, 494 F.3d at 290; *Tian-Yong Chen*, 359 F.3d at 127; *Poradisova*, 420 F.3d at 79-80. Petitioners do not challenge the agency's determination that they failed to establish a well-founded fear of persecution apart from their unavailing claims of past persecution or their eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk